CRUZ, PETITIONER AND APPELLEE, *v.* SANTIAGO, CONTESTANT AND APPELLANT.

APPEAL from the District Court of Ponce in Dominion Title Proceedings.

No. 1458.—Decided July 13, 1916.

DOMINION TITLE PROCEEDINGS—PUBLIC INTEREST.—The rules laid down for the institution of dominion title proceedings should be strictly complied with because they are of public interest.

ID. — PETITION — INHERITED PROPERTY — SUCCESSORS IN INTEREST.— Proceedings brought to establish the petitioner's ownership of real property inherited by him from his parents are materially defective when the petition fails to show who were the successors in interest of his parents and whether he was the only heir, this being indispensable in order that the successors in interest may be summoned, in the first case, or not, in the second.

The facts are stated in the opinion.

*Mr. Luis Yordán Dávila* for the appellant.

*Mr. Eduardo Flores Colón* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 4, 1915, Isabel Cruz y Luciano instituted *ex parte* proceedings No. 4515 in the District Court of Ponce to prove the ownership of a rural property situated in the ward of Yabucoa Alta of the municipal district of Peñuelas, and to that effect alleged that she had inherited the same from her parents, Eleuterio Cruz and Antonia Luciano, who died in 1893 and 1896, respectively, after having been in possession of the property for more than forty years.

On the said date the court ordered that the district *fiscal* should be notified of the proceedings, that the former owners

of known address should be summoned personally and that former owners of unknown address and unknown persons who might have any real right in the property, as well as all who might consider themselves prejudiced by the recording of the dominion title sought, should be cited by publication for a period of sixty days, after which a hearing of the oral evidence should be had.

On June 23, 1915, Juan de Dios Santiago y Mestei filed a written objection to the granting of the dominion title applied for, on the ground that he had acquired the property from Isabel Cruz y Luciano on August 1, 1903, and since that time had been in quiet, public and uninterrupted possession thereof as owner.

The contestant added that he had filed a similar petition— Case No. 2939—in the office of the secretary of the court, for the purpose of proving his ownership of the property in question.

The case was set for hearing on January 17, 1916, and the parties then agreed expressly that as there were two dominion title proceedings involving the same property, Case No. 4515 should be tried and the decision thereof made coextensive to Case No. 2939.

Both parties having introduced their evidence, the court rendered judgment on January 28, 1916, overruling the contest of Juan de Dios Santiago Mestei, holding that the ownership of the property was vested in Isabel Cruz Luciano, and ordering that when the judgment became conclusive a copy thereof should be furnished the interested party for record in the registry, and that the dominion title proceedings brought by Juan de Dios Santiago Mestei in Case No. 2939 be dismissed without special imposition of costs.

Juan de Dios Santiago y Mestei appealed from the said judgment to this court and, among other reasons adduced for the reversal of the judgment appealed from, pleaded the failure of Isabel Cruz y Luciano to state in the petition filed

in the dominion title proceedings brought by her the names of the successors in interest (*causahabientes*) of Eleuterio Cruz and Antonia Luciano, or that none existed, which is an indispensable requisite to compliance with the provisions of article 395 of the Mortgage Law.

Subdivision 1 of the said article provides that the initial petition in the proceedings shall pray that after the citation of the person from whom the property may have been acquired, or his successor in interest, and of the representative of the department of public prosecution, the evidence of the petitioner be admitted and his right declared; and subdivision 2 of the same article orders that the judge shall refer this petition to the representative of the department of public prosecution, shall cite the person from whom the property was acquired or his successor in interest, if known, and the persons who have any property right in the said real property.

After examining the initial petition filed by Isabel Cruz y Luciano in the proceedings brought by her we find it alleged that she inherited the property from her parents, Eleuterio Cruz and Antonia Luciano, but she does not say that she was their sole heir in order to avoid the necessity of summoning the successors in interest of Eleuterio Cruz and Antonia Luciano; for if she were the sole heir, the said citation would be superfluous by the fiction of law that the predecessor and the successor in interest are one and the same person.

As there is a possibility that Isabel Cruz y Luciano may not be the sole heir of Eleuterio Cruz and Antonia Luciano, it may be that there are other persons who believe themselves entitled to their estate, and they undoubtedly would be interested in the citation of the successors in interest of Eleuterio Cruz and Antonia Luciano. *Calderón et al.* v. *García*, 14 P. R. R. 407.

The allegation which we have referred to was not made by the contestant in the lower court and was made for the

first time in this court, but as it involves a material defect we must consider and decide it.

Public policy requires that the rules prescribed for the bringing of dominion title proceedings shall be strictly followed. *Ex parte Perrier* and *Del Rosario,* 20 P. R. R. 119. As we have said, the Mortgage Law requires that the person from whom the property was acquired, or his successor in interest, shall be cited, and the fulfilment of this requirement cannot be excused except when there are no means of complying therewith, as in a case where the petitioner claiming by right of inheritance alleges that he is the only heir of the former owner, an allegation which has not been made in the present case.

For the said reason, and without considering the other grounds of appeal, the judgment appealed from should be reversed without prejudice to the right of Isabel Cruz y Luciano to prove her alleged ownership of the property in accordance with the provisions of the Mortgage Law.

*Reversed without prejudice.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.